IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN M. BROWN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 21-141-RAW-SPS |
| ) | |
| RYAN GRAHAM, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This action is before the Court on Defendants' motion to dismiss or for summary judgment (Dkt. 28), Plaintiff's motion for summary judgment (Dkt. 31), and Plaintiff's motion to view all evidence submitted by Plaintiff against the defendants (Dkt. 34). The Court has before it for consideration Plaintiff's amended complaint (Dkt. 8), the parties' motions and responses, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 26).

**Background**

Plaintiff, a pro se prisoner in the custody of DOC who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional violations occurring during his incarceration at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma. The defendants are the following officials at MACC: Ryan Graham, Deputy Warden; Tracie Briels, Acting Chief of Security; Lt. Tamblyn Klepper; Diana Reese, Case

Manager; Cindy Lowe, Senior Case Manager; and Paul Ganer, Unit Manager.

Plaintiff alleges in his complaint that he was falsely accused of violating the Oklahoma Prison Rape Elimination Act (PREA), and prison officials should have known there was no violation. (Dkt. 8 at 6). He also complains that DOC officials did not conduct a proper investigation of the allegations against him. *Id*. at 6, 9. Plaintiff further alleges that DOC officials provided false information to other inmates in an effort to have him seriously injured or killed. *Id.* at 8.

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The PREA policy, which is located in DOC OP-03061, provides guidance for reporting and investigating allegations of sexual misconduct, as well as definitions of prohibited sexual misconduct. (Dkt. 26-2). Staff are required to take allegations of prohibited conduct seriously and to report such allegations to a supervisor or higher authority. *Id.* at 3-5, 14.

The record shows that on January 26, 2021, an inmate reported that Plaintiff had propositioned him for sexual favors on January 22, 2021. (Dkts. 26-4 at 46; 30-2 at 2). The Incident Report states that in response to the alleged incident, the two inmates were separated. *Id.* On January 27, 2021, Defendant Deputy Warden Ryan Graham requested an

2

investigation into the matter. (Dkts. 26-3; 30-1 at 2). In accordance with the PREA, Plaintiff was moved into segregated housing. (Dkt. 26-2 at 21, Part X(B)). The sexual misconduct allegations in this matter ultimately were deemed to be unsubstantiated. (Dkts. 26-5; 30-3 at 4; 26-13 at 2).

Petitioner subsequently was recommended for transfer to a different medium security facility because of repeated allegations of his sexual misconduct. (Dkt. 26-9; 30-7 at 2). On March 19, 2021, the DOC population office--not any of the defendants--assigned Plaintiff to North Fork Correctional Center. *Id. See also* DOC Policy OP-060204 (Inmate Transfers), which states that inmate transfers are coordinated through the population office. (Dkt. 26-12 at 3).

**Standard of Review for Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a motion for summary judgment, he or she "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 746 (10th Cir. 2014) (internal quotation marks and citation omitted). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact," *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997), or show that the remedies were unavailable to him as a result of the actions of prison officials, *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). In the absence of either showing, the defendant would be entitled to summary judgment on the affirmative defense. *See id.*

**Discussion**

Defendants allege Plaintiff has failed to exhaust the administrative remedies for any of his claims. Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion

requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Exhaustion is required for all inmates seeking relief in federal district court, "even where the relief sought . . . cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). *See also Booth*, 532 U.S. at 741. The PLRA's exhaustion requirement is mandatory, and the courts are not authorized to dispense with it. *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Courts will only excuse failure to exhaust if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident (Dkt. 26-23 at 8). If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id.* at 8-10. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the reviewing authority (facility head), asserting only the issue of the lack of response to the RTS. *Id*. at 10-12. If the grievance is of an emergency or sensitive nature, it can be submitted directly to the reviewing authority without informal resolution. *Id.* at 17-18.

If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. *Id.* at 10-12. Inmates must submit the grievance to the facility reviewing authority or facility correctional health services administrator, whichever is appropriate. *Id.* at 12. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Medical ARA, whichever is appropriate. *Id.* at 14-17. The administrative process is exhausted only after all of these steps have been taken. *Id.* at 17.

Defendants allege that prior to commencing this lawsuit, Plaintiff failed to exhaust his administrative remedies concerning the sexual assault investigation, his housing assignment, and his subsequent transfer from MACC. The record shows that Plaintiff submitted the following RTSs, grievances, and appeals regarding his allegations against Defendants:

On January 23, 2021, Plaintiff submitted an RTS, complaining that he was placed in lock-up after sexual misconduct allegations were made against him, but the alleged victim was not placed in lock-up. (Dkt. 26-25 at 2-3). The response advised that the issue was under investigation. *Id.* at 3.

On January 25, 2021, Plaintiff submitted an RTS asking for the DOC's policy on sexual harassment. *Id.* at 4. He was advised that the policy was attached to the RTS response. *Id.*

On March 3, 2021, Plaintiff submitted an RTS complaining that there was false

information in his transfer packet. In the "action requested" section, Plaintiff complained that no one conducted a PREA investigation about the allegations of sexual misconduct that were lodged against him by another inmate. (Dkt. 26-26 at 2-4). In response, Plaintiff was advised to make his request readable so the responding party knew what he was requesting. *Id.* at 2.

On March 6, 2021, Plaintiff submitted Grievance No. 20-84 regarding this RTS and asking that staff be disciplined. *Id*. at 4-5. On March 12, 2021, The grievance was returned unanswered, because it was not legibly written and because it improperly requested disciplinary action against prison staff. *Id.* at 6.

On March 26, 2021, Plaintiff submitted an appeal to the DOC's ARA. (Dkt. 26-27 at 4-5). On April 6, 2021, the ARA recommended that the disposition be amended to add that the RTS should have been submitted to a case manager or unit manager, rather than to the warden's assistant. *Id.* at pages 2-3. Plaintiff was given ten days to submit a proper RTS to unit staff and was advised that he could submit a grievance if not satisfied with the RTS response. *Id.* at 2-3. There is, however, no record of his doing so. (Dkt. 26-28 at 2) (Affidavit of Mark Knutson, Manager of the DOC ARA).

On March 11, 2021, Plaintiff submitted an RTS to Defendant Case Manager Diana Reese, complaining about the manner in which she wrote his transfer packet and asking her to step down as a case manager. (Dkt. 26-29 at 5-6). In response, Plaintiff was advised to address his concerns to Reese's supervisor. *Id.* at 5. On March 15, 2021, Plaintiff submitted

7

Grievance No. 20-85 regarding his complaints about Reese's handling of his transfer packet. *Id.* at 3. In the grievance section for requested action, Plaintiff stated, "What action would be right for what she did." *Id.* The grievance was returned unanswered, because it requested disciplinary action against staff. *Id.* at 2.

In addition, Mark Knutson, DOC ARA Manager, states by affidavit that a review of all ARA records for Plaintiff indicated he has not exhausted his administrative remedies. (Dkt. 26-28 at 2). The Court, therefore, finds Plaintiff did not exhaust the administrative remedies for any of his claims.

Finally, the Court concludes that when viewed in the light most favorable to Plaintiff, there is no genuine dispute as to any material fact concerning Plaintiff's failure to exhaust the administrative remedies for the claims in his complaint. Therefore, Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

**ACCORDINGLY,** Defendants' motion for summary judgment (Dkt. 28) is GRANTED, and all remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 12th day of September 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma